# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

ALLEN DWAYNE BERRY,
#16526-058,

        Petitioner,

v.                               **CIVIL ACTION NO. 2:25cv635**

J. BIENEMY, WARDEN,
FCC PETERSBURG,

        Respondent.

## OPINION AND ORDER

The court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, (ECF No. 1), from pro se Petitioner Allen Dwayne Berry ("Berry" or "Petitioner"). Berry also paid the required filing fee.

Both parties consented to proceed before a United States Magistrate Judge, and the court referred the matter to me to resolve pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF Nos. 5, 9, 11). For the reasons set forth below, the Petition, (ECF No. 1), is DISMISSED without prejudice for lack of jurisdiction.

## BACKGROUND

Berry is a federal prisoner, having been convicted in the Western District of North Carolina. At the time he filed the Petition, he was nearing the end of his sentence at Federal Correctional Complex in Petersburg, Virginia. His Petition challenged the calculation of his pre-release placement date by the Bureau of Prisons and sought to have the pre-release date corrected, and his immediate transfer to pre-release custody in a residential reentry center, or halfway house.

1

Pet. ¶¶ 13-15 (ECF No. 1, at 7-9).

This court exercised its discretion under Rule 1(b) of the Rules Governing Section 2254 Cases to apply these Rules to this Section 2241 Petition, and ordered Respondent to file responsive pleadings under Rule 5.   Order (ECF No. 4).   The same Order advised Petitioner that he may, if he desires, file a response to Respondent's answer and any motion to dismiss within twenty-one (21) days from the date on which the answer and any motion to dismiss is filed.   Id.; see Local Civil Rule 7(K), Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

The Respondent filed a Response in Opposition to the Petition, (ECF No. 6), seeking dismissal on the grounds that Petitioner failed to exhaust his administrative remedies, and failed to state a claim for habeas relief.   The court mailed a Notice advising Petitioner of his right to respond to the opposition, (ECF No. 7).   As of this date, Petitioner has filed no response, nor has he filed any notice of a change in address.   See Order (ECF No. 4, at 2) (advising Petitioner of the requirement to update his address and warning him that case could be dismissed for failure to do so).

On March 10, 2026, Respondent filed a Notice pursuant to Local Civil Rule 7(E), advising that the Motion to Dismiss was ripe for decision.   (ECF No. 15).   The Notice also advised that Petitioner had been moved to a halfway house, the exact relief sought by the Petition.   Id. Thereafter, the court confirmed through the BOP inmate locator that Petitioner was housed at the Raleigh Residential Reentry Center, potentially rendering his Petition moot.   But because Petitioner failed to provide notice of his relocation, and failed to respond to the Respondent's filings, the court provided a final opportunity for Berry to show cause why the Petition should not be dismissed as moot.   Show Cause Order (ECF No. 16).   Berry filed no response to the Show

Cause Order and the time for responding has now expired.[1]

## ANALYSIS

Federal courts only have jurisdiction to adjudicate actual ongoing cases or controversies. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) ("Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies."). A moot action does not qualify as an "active case or controversy." Watson v. INS, 271 F. Supp. 2d 838, 839 (E.D. Va. 2003) (quoting Adler v. Duval Cnty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1977)); Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." (citing DeFunis v. Odegaard, 416 U.S. 312, 316 (1974))). A case where parties "lack a legally cognizable interest in the outcome" is moot. Powell v. McCormack, 395 U.S. 486, 496 (1969). Further, a case can become moot due to a change in the facts or law. J.W. v. Knight, 452 F. App'x 411, 414 (4th Cir. 2011) (citing Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir. 1983)). Here, a change in facts has rendered the case moot.

Since filing this Petition, Berry received the transfer to residential reentry sought as relief. Thus, his Petition has been rendered moot by the transfer. See Alvarez v. Conley, 145 F. App'x 428, 429 (4th Cir. 2005). Berry was advised of the Government's suggestion of mootness, and warned that failure to respond would result in the matter being dismissed as moot. Show Cause Order (ECF No. 16). He has failed to respond.

---

[1] The court mailed a copy of the Show Cause Order to three different addresses. Two of the three Orders have been returned as undeliverable, marked as "Refused, Unable to Forward" and "Unclaimed, Unable to Forward." (ECF Nos. 17, 18). The third mailing was not returned.

## CONCLUSION

Because the Petition, (ECF No. 1), no longer presents an actual case or controversy, it is moot, and therefore is DISMISSED without prejudice for lack of jurisdiction.

**If Petitioner intends to appeal this Final Order, he must within sixty (60) days from the date of this Order, file a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Frayer v. Warden, FCI Beckley, No. 23-6054, 2023 WL 3268719, at \*1 (4th Cir. May 5, 2023) ("When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order.").**

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E.   MILLER
UNITED STATES MAGISTRATE JUDGE

April 17, 2026

Newport News, Virginia

4

## Clerk's Mailing Certificate

A copy of the foregoing was mailed this date to:

**Allen Dwayne Berry**
16526-058
Raleigh RRM
Residential Reentry Office
P.O. Box 7000
Butner, NC   27509

**Allen Dwayne Berry**
16526-058
Raleigh RRM
Old NC 75 Highway
Butner, NC   27509

**Allen Dwayne Berry**
16526-058
Federal Correctional Complex
P.O. Box 1000
Petersburg, VA 23804

and an electronic copy was provided to:

**Virginia Lynn Van Valkenburg**
United States Attorney Office
101 W Main St
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By ____/s/ J. L. Meyers____
Deputy Clerk

____April 17____, 2026

5